James Edward FLEMING, a minor, by Edward J. Fleming, his guardian, and Edward J. Fleming in his own right

v.

UPPER DUBLIN PUBLIC SCHOOL DISTRICT.

Civ. A. No. 20076.

United States District Court
E. D. Pennsylvania.

June 6, 1956.

Sheldon Tabb, Philadelphia, Pa., for plaintiff.

Henry W. Sawyer, III, Philadelphia, Pa., for defendant.

LORD, District Judge.

This matter comes before the Court on defendant's motion to dismiss.

Plaintiff, Edward J. Fleming, instituted suit in his own right and as guardian of James Edward Fleming, a minor, to recover damages for an injury which is alleged to have been the result of negligence on the part of the employees of the School District. The defendant, School District, has filed this motion to dismiss on the ground that the suit is actually against the Commonwealth of Pennsylvania and thus is prohibited by the Eleventh Amendment to the United States Constitution.

That Amendment divests the courts of the United States of jurisdiction of suits against any state by citizens of another state.

While the application of the Eleventh Amendment is a question of federal law, nevertheless, the answer to that question, as to whether a particular state agency is entitled to immunity from federal jurisdiction, must depend upon the characteristics, capacities, powers and immunities of such agency *as they are defined by the law of the State.*

In Claiborne County v. Brooks, 1884, 111 U.S. 400, at page 410, 4 S.Ct. 489,

at page 494, 28 L.Ed. 470, the Supreme Court of the United States said:

"It is undoubtedly a question of local policy with each state what shall be the extent and character of the powers which its various political and municipal organizations shall possess; and the settled decisions of its highest courts on this subject will be regarded as authoritative by the courts of the United States; for it is a question that relates to the internal constitution of the body politic of the state. * * *"

Accordingly, the Supreme Court of the United States relied upon the state law of Wyoming in holding that the State Highway Commission could not be sued in a federal court on the ground of diversity of citizenship. State Highway Commission of Wyoming v. Utah Construction Company, 1929, 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262.

In O'Neill v. Early, 4 Cir., 1953, 208 F.2d 286, a former school teacher brought an action against the County Superintendent of Schools and the County Board of Arlington County, Virginia for an alleged breach of contract. The Court said at page 288:

"This is not a suit against a municipal corporation or against officers of the state as individuals, but against an agency of the state, sued as such, and an officer of the state sued in his official capacity. Its purpose is to obtain a judgment which will establish a liability of the state and will be payable out of public funds controlled by defendants in their supervision of the state's educational system. It is perfectly clear that such a suit is one against the state which falls within the inhibition of the Eleventh Amendment. * * *"

See also William C. Popper & Co. v. Pennsylvania Liquor Control Board, D.C.E.D.Pa.1936, 16 F.Supp. 762.

■ In Ford v. Kendall Borough School District, 1888, 121 Pa. 543, 15 A. 812, 1 L.R.A. 607, the Supreme Court of Pennsylvania held that a School District is not liable in damages for the negligence of its employees. The Court emphasized the character of School Districts as agents of the Commonwealth of Pennsylvania. The Court said, 121 Pa. at page 547, 15 A. at page 815.

"* * * we may assert positively, and without hesitation, that school-districts are but agents of the commonwealth, and are made quasi corporations for the sole purpose of the administration of the commonwealth's system of public education. * * *"

The case of Wilkinsburg Borough v. Wilkensburg Borough School District, 1950, 365 Pa. 254, at page 257, 74 A.2d 138, at page 139, shows the extent to which School Districts of Pennsylvania are identified with the Commonwealth:

"* * * While a school district is not, of course, an independent sovereignty, it does constitute a body corporate, a quasi-municipal corporation, which is an agency of the Commonwealth for the performance of prescribed governmental functions, being created and maintained for the sole purpose of administering the Commonwealth's system of public education; * * *."

From the foregoing, it would seem clear that School Districts of the Commonwealth of Pennsylvania are merely agencies of the Commonwealth established soley for the purpose of maintaining a public school system.

■ The fact that the Commonwealth of Pennsylvania is not named as a party defendant in the action is immaterial. The Eleventh Amendment applies to all cases in which the state is a real, even though not a nominal, party defendant. In re Ayers, 1887, 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216; Fitts v. McGhee, 1899, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535.

■ Accordingly, this Court is of the opinion that a suit which seeks to recover damages from a School District

of the Commonwealth of Pennsylvania is a suit against the Commonwealth itself and as such this Court has no jurisdiction.

The defendant's motion to dismiss is hereby granted.