**Stella McSPARRAN, Guardian of the Estate of Richard R. Riegner, a minor,**

and

**Martha M. Fritzinger, Parent and Natural Guardian of Richard R. Riegner, a minor, in her own right,**

v.

**Jeffrey R. WEIST**

and

**Joseph R. Weist**

and

**Russell Millard.**

**Civ. A. No. 42133.**

United States District Court E. D. Pennsylvania.

July 12, 1967.

Jack E. Feinberg, Kanner, Stein, Feinberg & Barol, Philadelphia, Pa., for plaintiffs.

Albert L. Bricklin, Bennett, Bricklin & Saltzburg, Philadelphia, Pa., for defendants Jeffrey R. Weist and Joseph R. Weist.

Daniel M. Miller, LaBrum & Doak, Philadelphia, Pa., for defendant Russell Millard.

MEMORANDUM OPINION AND ORDER

CLARY, Chief Judge.

This case is before the Court on defendant Russell Millard's Motion to Dismiss for lack of diversity of citizenship. The facts, as alleged by plaintiffs and on which the motion is grounded are as follows: On November 27, 1966, Richard R. Riegner, a minor, was injured when the automobile in which he was a passenger and which was operated by Jeffrey R. Weist, collided with an automobile operated by Russell Millard. A New Jersey guardian was appointed for Richard to create diversity of citizenship, all parties to the accident being Pennsylvania citizens. Thereafter, the guardian, on behalf of Richard, filed the instant suit against the above defendants, for damages resulting from the accident, and Richard's mother, also a Pennsylvania citizen, joined in the suit

in her own right seeking out-of-pocket medical expenses.

The question presented is whether under Newman v. Freeman, 262 F.Supp. 106 (E.D.Pa.1966), a parent who lacks diversity may join, as a matter of right, in the created diversity suit of his minor child. *Newman* held as follows:

"We hold, therefore, that where a minor is injured and suit is brought by a guardian for his damages and diversity of citizenship exists between the guardian and the defendants, a claim by the child's parents for damages resulting to them from the tort committed against their child may properly be brought with the minor's claim under our pendent jurisdiction even though diversity of citizenship may be lacking vis-a-vis the parents and the defendants."

Factually, *Newman* involved a motion to join after suit had begun; however, in the instant case, the parent is attempting to join, as a matter of right, in starting the action. In all other respects, *Newman* is similar to the instant action. Thus, the problem confronting the Court is how should *Newman* be applied.

The *Newman* decision is a definite extension of existing precedent in this Circuit. Borror v. Sharon Steel Company, 327 F.2d 165 (3 Cir. 1964), one of two Third Circuit cases relied on by Newman, involved a diversity question dissimilar to the instant problem. Complete diversity existed in an out of state administrator, who was prosecuting in one suit a Survival Action for a decedent's estate and a Wrongful Death Action for the decedent's parents, who lacked diversity. The principal issue was whether the administrator had capacity under Pennsylvania law to bring the parents' claim. Judge Biggs, writing for the Court, held that he did and that his citizenship controlled. Nevertheless, Judge Biggs discussed pendent jurisdiction as an alternate basis for his holding and held (1) that a valid diversity claim is a basis on which to ground pendent jurisdiction and (2) that a Survival Action and a Wrongful Death Action are so closely related as to be proper subjects for joinder under pendent jurisdiction.

Wilson v. American Chain and Cable, 364 F.2d 558 (3 Cir. 1966), the other Third Circuit case relied on by *Newman*, also involved a diversity question dissimilar to the instant problem. In that case, the father of an injured minor had diversity and filed suit for the minor and in his own right simultaneously. Pendent jurisdiction, however, was used to establish the $10,000 amount in controversy. The father's individual action had been dismissed for not meeting the $10,000 requirement, and Judge Freedman held that the two claims under pendent jurisdiction should be considered together. He also found that the trial court used the wrong standard to test the jurisdictional amount.

This Court, however, although recognizing this precedent, also recognizes the overwhelming problems that may result if *Newman* is applied as allowing this joinder as a matter of right. *Newman* was an interlocutory order and, as such, was not appealable. If it is eventually reversed, there would be necessary a giant unscrambling of all actions begun under it. In addition, the parent litigants would find themselves required to return to the State Courts where they would no doubt have to rebut arguments on the statute of limitations.

There is also no question that if the joinder of right above referred to is sustained on appeal, this Court will face a staggering increase in "artificial" diversity jurisdiction. Injured parents, as well as the child, would be permitted to try their personal injury claims against their next door neighbor by use of this artifice. It is one thing to allow a relatively small collateral claim as a matter of discretion. It is quite another matter if it should be determined to be "as of right".

In dismissing this action, the writer of this Opinion hopes that there will be an immediate appeal so that this question may be settled on its legal merits, without the necessity of waiting for a final decision in the *Newman* case and others that have followed.