**Ruth GREENE, Guardian of the Estate of Raymond B. Gaines, a Minor, and Dorothy E. Baltimore, Plaintiffs,**

v.

**The PENNSYLVANIA RAILROAD COMPANY, Defendant.**

**Civ. A. No. 10123.**

United States District Court
M. D. Pennsylvania.

Feb. 14, 1968.

Hurwitz, Klein, Benjamin & Brown, Harrisburg, Pa., for plaintiffs.

Nauman, Smith, Shissler & Hall, Harrisburg, Pa., for defendant.

## MEMORANDUM

FOLLMER, District Judge.

This matter is before the court on motion of the defendant, The Pennsylvania Railroad Company, to dismiss the complaint because the court lacks jurisdiction over the subject matter in that Dorothy E. Baltimore, one of the plaintiffs, has failed to allege that she is not a citizen of the Commonwealth of Pennsylvania.

The case arises out of a personal injury suit instituted against a Pennsylvania defendant on behalf of a Pennsylvania minor. A foreign guardian was appointed for the minor, thus creating the diversity of citizenship upon which this court's jurisdiction is founded. The minor's mother, a citizen and resident of Pennsylvania, joined in the suit in her own right seeking out-of-pocket medical expenses.

Standing alone this court would not have jurisdiction over the mother's claim since she and defendant are both citizens and residents of Pennsylvania. She argues, however, that since the guardian's claim for the minor's injuries are properly before this court, the court has the power to entertain the mother's claim under the doctrine of pendent jurisdiction; that the court should exercise this discretion in favor of the claim since by so doing it would be to the convenience of the parties and witnesses and avoid duplication of effort in the state and federal courts.

The matter of pendent jurisdiction applicable to the situation here involved has resulted in conflicting views in the Eastern District of Pennsylvania.[1] By reason of this conflict a panel of three judges was appointed by the court to hear argument on the motions in a group of three similar cases before that court[2] and to render a ruling looking toward uniformity of action within the district pending a definitive ruling by the Court of Appeals. In an exhaustive, clear and convincing unanimous opinion written by Judge Luongo under date of January 23, 1968, Olivieri v. Adams, 280 F.Supp. 428, the court distinguished two cases by the Court of Appeals in this circuit, Borror v. Sharon Steel Company, 327 F.2d 165 (1964), and Wilson v. American Chain & Cable Company, 364 F.2d 558 (1966), and held that they were not binding on the precise issue before the three judge panel (and incidentally, before this court in the instant case). The court also indicated its disagreement with Newman, supra, and held alternatively, if it be ruled on appeal that the court did have the power to entertain the parents' claims under the doctrine of pendent jurisdiction, then, in the exercise of its discretion it declined to do so. In this connection it should be noted that in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed. 2d 218 (1966), the Supreme Court said:

> That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that *pendent jurisdiction is a doctrine of discretion, not of plaintiff's right*. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; * * *. (Emphasis supplied).

In the instant case, the mother of the minor, apparently on the theory that such was her right, joined the guardian in the complaint. As Judge Clary said in McSparran, supra, "It is one thing to allow a relatively small collateral claim as a matter of discretion. It is quite another matter if it should be determined to be 'as of right.'" 270 F.Supp. at 422.

As I find myself in complete accord with Judge Clary in McSparran and with the three judge panel in Olivieri, Piselli and Morrow, to go into further discussion would simply be a matter of supererogation. I therefore hold that in the instant case on behalf of a minor wherein our jurisdiction is based on the foreign citizenship of the minor's guardian, this court does not have pendent jurisdiction over the claim of the minor's parent whose citizenship is not diverse from that of the defendant. Alternatively, if it be ruled on appeal that this court does have the power to entertain the parent's claim under the doctrine of pendent jurisdiction, then, in the exercise of my discretion I decline to do so.

The motion of the defendant to dismiss the action will be denied as to Ruth Greene, Guardian of the Estate of Raymond B. Gaines, a Minor, and granted as to Dorothy E. Baltimore.

1. Newman v. Freeman, 262 F.Supp. 106 (E.D.Pa.1966), Davis, J.; McSparran v. Weist, 270 F.Supp. 421 (D.C.1967), Clary, Ch. J.

2. Philip Olivieri, minor, by Guardian J. Raymond Dietrich v. Clifford Adams, C.A. No. 41217; Alvin H. Frankel, Guardian of the Estate of Susan Piselli, minor v. Lansdowne Constructors, Inc., et al., C.A. No. 39045; Alvin H. Frankel, Guardian of the Estate of Anne B. Morrow, minor v. John C. Hondros, Administrator of the Estate of Patricia M. Bradley, Dec'd and Rosemarie Bradley, C.A. No. 40946.