**Rae Ann MEYERHOFFER, a minor by her guardian, Jean M. Loughridge and Franklin O. Meyerhoffer, Jr., in his own right, Plaintiffs,**

v.

**EAST HANOVER TOWNSHIP SCHOOL DISTRICT, Lower Dauphin School District and Lloyd H. Umberger, Defendants.**

**Civ. A. No. 9964.**

United States District Court

M. D. Pennsylvania.

Feb. 16, 1968.

H. Joseph Hepford, Lee C. Swartz, Harrisburg, Pa., for plaintiffs.

McNees, Wallace & Nurick, Harrisburg, Pa., for defendants.

## MEMORANDUM

FOLLMER, District Judge.

This case is before the court on motions of defendants to dismiss the action on the following grounds.

I. The defendant school districts are immune from tort liability.

II. The suit of plaintiff, Jean M. Loughridge, a citizen of the State of Michigan, as against the defendant school districts, is barred by the Eleventh Amendment of the United States Constitution.

III. There is an absence of diversity of citizenship and, therefore, no jurisdiction of the claim of plaintiff Franklin O. Meyerhoffer, Jr., against the defendants.

IV. The court lacks jurisdiction of the claim of plaintiff Franklin O. Meyerhoffer, Jr., because the amount of damages which he seeks to recover is less than $10,000.00.

The facts as alleged in the complaint and on which the motions are grounded are as follows: On April 22, 1965, Rae Ann Meyerhoffer, a minor, was injured when she was struck by a school bus owned by defendant school districts and operated by defendant Lloyd H. Umberger. A Michigan guardian was appointed for the injured minor to create diversity of citizenship, all parties to the accident being Pennsylvania citizens. Thereafter the guardian, on behalf of the minor, filed the instant suit against the above-named defendants for damages resulting from the accident, and the minor's father, also a Pennsylvania citizen, joined in the suit in his own right seeking out-of-pocket medical expenses.

I

The first issue presented is whether the defendant school districts are immune from tort liability in an action arising from the allegedly negligent op-

eration of a school bus by one of their employees.

■ It is well established in Pennsylvania that a school district is immune from tort liability arising in the performance of a governmental function. Husser v. Pittsburgh School District, 425 Pa. 249, 228 A.2d 910 (1967); Dillon v. York City School District, 422 Pa. 103, 220 A.2d 896 (1966). Plaintiffs assert, however, that the transportation of children by bus is not a governmental function, but a proprietary one, and it is also well settled Pennsylvania law that a municipal corporation is liable in tort for acts committed in the course of a proprietary function. Morris v. Mount Lebanon Township School District, 393 Pa. 633, 144 A.2d 737 (1958).

The already difficult task of determining whether a given municipal operation is a governmental or proprietary function is made even more so by this court's obligation to decide the issue as it would be decided by the Pennsylvania state courts. The law in this area, as enunciated by the Pennsylvania courts, is far from clear. In Morris, supra, the court stated:

Perhaps there is no issue known to the law which is surrounded by more confusion than the question whether a given municipal operation is governmental or proprietary in nature. Two reasons may be assigned therefore: First, the concept of proprietary functions has been viewed 'liberally' and exceptions to the rule of nonliability for the conduct of governmental functions have been created because of judicial recognition that the losses caused by the torts of public employees should properly be treated, as in other cases of vicarious liability, as a cost of government administration. See Prosser, Torts 775 (2nd ed. 1955). Second, the tests yet devised for distinguishing between governmental and proprietary functions have proven unsatisfactory. See 2 Harper and James, Torts § 29.6 at 1621–1627 (1956).

In general, (and perhaps unhelpfully), it has been said that if a given activity is one which a local government unit is not statutorily required to perform, or if it may also be carried on by private enterprise, or if it is used as a means of raising revenue, the function is proprietary. See Hill v. Allentown Housing Authority, 1953, 373 Pa. 92, 95 A.2d 519. 393 Pa. at 637–638, 144 A.2d at 739.

It should be noted that in mentioning the above criteria for use in determining whether a given function is governmental or proprietary, the Pennsylvania Supreme Court was not laying down rules to be rigidly followed, but suggesting tests which might prove helpful. In Morris the activity (the operation of a summer recreation program open to the public upon the payment of an admission fee) was not one the district was statutorily required to undertake, was of a type usually engaged in by private enterprise, and was an activity for which a charge was made for participation therein.

In Shields v. Pittsburgh School District, 408 Pa. 388, 184 A.2d 240 (1962), the minor plaintiff had been injured when he fell against an allegedly defective fence in a playground maintained by the defendant. The court held that the defendant's action in maintaining a playground, even during the summer months, was a governmental function. It emphasized that the use of the playground was without any pecuniary gain to the school district and that the district was statutorily authorized (but not required) to furnish and maintain a playground for the education and recreation of persons living within the district.

The only Pennsylvania case cited to the court which deals specifically with the transportation of school children by bus is Kesman v. Fallowfield Township School District, 345 Pa. 457, 29 A.2d 17 (1942). In that case the minor plaintiff was injured as a result of the negligent operation of the defendant's school bus while a passenger on the bus on his way to school. The lower court sustained the defendant's statutory demurrer and the Pennsylvania Supreme Court affirmed

that decision based on the school district's immunity from tort liability.

The court in *Kesman* did not discuss the question of whether the transportation of school children was a governmental function. Defendants assert that such a proposition is implicit in the court's holding. Plaintiffs, however, contend that *Morris* changes the law with respect to school bus transportation, and in effect overrules *Kesman*. This court is unable to agree with that contention.

In *Shields*, the Pennsylvania Supreme Court considered as determinative the facts that the function carried on by the school district was without any pecuniary gain to the district, and that there was statutory authorization for the performance of the function. These facts were also considered in *Morris*, with additional consideration as to whether the function could also be carried on by private enterprise. It is obvious that the Pennsylvania Supreme Court did not intend that any one fact be conclusive, but that they all be weighed in determining whether a given function was proprietary or governmental. Because this balancing test must be applied to each individual case, it cannot be said that a case dealing with the operation of a summer recreation program overrules one concerned with the transportation of school children.

■ In the instant case the defendant school districts were statutorily *required* to provide transportation for the minor plaintiff,[1] and this service was performed without any pecuniary gain to defendants. While it is true that defendants could have provided for this function to be carried out by private enterprise, this fact does not outweigh the other two. This court agrees with the decision in Moss v. School District of Norristown, 250 F.Supp. 917 (E.D.Pa.1966), and holds that under Pennsylvania law defendants were performing a governmental function, and are therefore immune from suit.

## II

Defendant school districts contend that this court lacks jurisdiction of the suit of plaintiff Loughridge against them because of the limitations set forth in the Eleventh Amendment to the United States Constitution. That amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

■ The complaint discloses that plaintiff Loughridge is a citizen of the State of Michigan, and that the defendant school districts are school districts of the Commonwealth of Pennsylvania. It remains to be determined whether a suit against the defendants is a suit against the Commonwealth. The fact that the Commonwealth is not named as a party defendant in the action is immaterial, as the Eleventh Amendment applies to all cases in which the state is a real, even though not a named, party defendant. In re Ayers, 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216 (1887).

■ The question as to whether a suit in a federal court by a nonresident guardian against a school district of this Commonwealth is barred by the Eleventh Amendment has been considered and decided in the affirmative by the United States District Court for the Eastern District of Pennsylvania in Fleming v. Upper Dublin Public School District, 141 F.Supp. 813 (1956). In a well considered decision, the court, in an opinion by Judge Lord, sustained the defendant's motion to dismiss, stating:

> Accordingly, this Court is of the opinion that a suit which seeks to re-

---

1. "In case there is no public school with the proper grades in session within two miles by the shortest public highway of the residence of any child in a school district of the fourth class, * * * such child shall be furnished proper transportation at the expense of the school district to and from a school with the proper grades * * *." Pa.Stat.Ann. tit. 24 § 13–1331.

cover damages from a School District of the Commonwealth of Pennsylvania is a suit against the Commonwealth itself and as such this Court has no jurisdiction. 141 F.Supp. at 814–815.

■ The court in *Fleming* also stated that although the application of the Eleventh Amendment is a question of federal law, the question as to whether a particular state agency is entitled to immunity from federal jurisdiction must depend on the powers and immunities of the agency as defined by state law. 141 F.Supp. at 813. Plaintiffs contend that since a school district may be sued for its proprietary functions and therefore does not enjoy the Commonwealth's complete tort immunity, it must be considered as a separate municipal corporation and not as the Commonwealth. This contention must be rejected.

In Wihtol v. Crow, 309 F.2d 777 (8th Cir. 1962), it was held that the Eleventh Amendment deprived the federal district of jurisdiction over a copyright infringement suit brought by California citizens against a school district of the State of Iowa. The court stated:

> The Clarinda School District is an instrumentality of the State of Iowa, constituting a part of its educational system and engaged in performing a state governmental function under state law and at state expense. The plaintiffs are seeking to obtain a judgment against the School District for damages payable out of public funds. That, we think, they cannot do. The trial court was, we think, without jurisdiction to entertain this action as against the School District. 309 F.2d at 782 (Footnotes omitted).

This court is of the opinion that defendant school districts are an instrumentality of the Commonwealth of Pennsylvania and were engaged in performing a state governmental function required by state law and were doing so at state expense. This court is therefore without jurisdiction to entertain the action against them.

■ Plaintiffs contend that a granting of immunity to the defendants would result in a denial to plaintiffs of equal protection of the laws as guaranteed by the Fourteenth Amendment to the federal Constitution. They argue that since by statute all owners of private motor vehicles employed in transporting pupils for hire must carry public liability insurance,[2] they are liable for the negligence of their school bus driving employees under agency law, and that by denying such relief to those transported in busses owned by the school districts the equal protection clause is violated.

Plaintiffs cite no authority to support this contention, and this court is not convinced that the argument is valid. It is obvious that all discrimination does not amount to a denial of equal protection, and this court remains unconvinced that this decision will result in the creation of a privileged class of individuals.

### III

The action of the father as set forth in Count II of the complaint presents the question as to whether the jurisdiction of the court can be sustained on the theory of pendent jurisdiction, that is, can a parent who lacks diversity join as a matter of right in the created diversity suit of his minor child?

Standing alone this court would not have jurisdiction over the father's claim since he and defendants are all citizens and residents of Pennsylvania. He argues, however, that since the guardian's claim for the minor's injuries are properly before this court, the court has the power to entertain the father's claim under the doctrine of pendent jurisdiction; that the court should exercise this discretion in favor of the claim since by so doing it would be to the convenience of the parties and witnesses and avoid duplication of effort in the state and federal courts.

The matter of pendent jurisdiction applicable to the situation here involved has resulted in conflicting views in the

2. Pa.Stat.Ann. tit. 24 § 13–1362.

Eastern District of Pennsylvania.[3] By reason of this conflict a panel of three judges was appointed by the court to hear argument on the motions in a group of three similar cases before that court [4] and to render a ruling looking toward uniformity of action within the district pending a definitive ruling by the Court of Appeals. In an exhaustive, clear and convincing unanimous opinion written by Judge Luongo under date of January 23, 1968, Olivieri v. Adams, 280 F.Supp. 428, the court distinguished two cases by the Court of Appeals in this circuit, Borror v. Sharon Steel Company, 327 F.2d 165 (1964), and Wilson v. American Chain & Cable Company, 364 F.2d 558 (1966), and held that they were not binding on the precise issue before the three judge panel (and incidentally, before this court in the instant case). The court also indicated its disagreement with *Newman*, supra, and held alternatively, if it be ruled on appeal that the court did have the power to entertain the parents' claims under the doctrine of pendent jurisdiction, then, in the exercise of its discretion it declined to do so. In this connection it should be noted that in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), the Supreme Court said:

> That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that *pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.* Its justification lies in considerations of judicial economy, convenience and fairness to litigants; * * *. (Emphasis supplied).

In the instant case, the father of the minor, apparently on the theory that such was his right, joined the guardian in the complaint. As Judge Clary said in *McSparran,* supra, "It is one thing to allow a relatively small collateral claim as a matter of discretion. It is quite another matter if it should be determined to be 'as of right.'" 270 F.Supp. at 422.

■ As I find myself in complete accord with Judge Clary in McSparran and with the three judge panel in Olivieri, Piselli and Morrow, to go into further discussion would simply be a matter of supererogation. I therefore hold that in the instant case on behalf of a minor wherein our jurisdiction is based on the foreign citizenship of the minor's guardian, this court does not have pendent jurisdiction over the claim of the minor's parent whose citizenship is not diverse from that of the defendant. Alternatively, if it be ruled on appeal that this court does have the power to entertain the parent's claim under the doctrine of pendent jurisdiction, then, in the exercise of my discretion I decline to do so.

### IV

The fourth ground for dismissal raised by defendants, that the court lacks jurisdiction of the claim of plaintiff Franklin O. Meyerhoffer, Jr., because the amount of damages which he seeks to recover is less than $10,000.00, need not be considered because of this court's decision on the third ground raised by defendants.

Accordingly, the motion of defendant school districts to dismiss the complaint as to them will be granted and the motion of all defendants to dismiss the claim of Franklin O. Meyerhoffer, Jr., will be granted. The complaint of Rae Ann Meyerhoffer, a minor, by her guardian, Jean M. Loughridge against Lloyd H. Umberger remains.

---

3. Newman v. Freeman, 262 F.Supp. 106 (1966), Davis, J.; McSparran v. Weist, 270 F.Supp. 421 (1967), Clary, C. J.

4. Philip Olivieri, minor, by Guardian J. Raymond Dietrich v. Clifford Adams, C.A. No. 41217; Alvin H. Frankel, Guardian of the Estate of Susan Piselli, minor v. Lansdowne Constructors, Inc., et al., C.A. No. 39045; Alvin H. Frankel, Guardian of the Estate of Anne B. Morrow, minor v. John C. Hondros, Administrator of the Estate of Patricia M. Bradley, Dec'd and Rosemarie Bradley, C.A. No. 40946.