## Grimme v. Hempfield Area School District

*Scales, Shaw, Lyons & Cersso*, for plaintiffs.

*Bernard J. McAuley* and *John M. O'Connell, Jr.*, for defendant.

SCULCO, J., October 25, 1972.—This matter is before the court en banc by virtue of preliminary objections filed by defendant Hempfield Area School District in the nature of a motion to strike and in the nature of a demurrer.

Defendant Hempfield Area School District is a duly organized and existing district under the laws of the Commonwealth of Pennsylvania. As an integral part of its school system, defendant maintains West Hempfield Junior High School, along with the appurtenances, rights of ways, access roads, open spaces, and playgrounds surrounding same.

Both prior to and on September 19, 1968, defendant school district maintained large areas of land adjoining West Hempfield Junior High School as a playground area and such playground was not only under the supervision and control of defendant, but also was used by neighborhood children with the consent and knowledge of defendant.

On September 19, 1968, minor plaintiff, Lynne Lee Grimme entered this playground area. Upon exiting this play area by bicycle and by means of the access road from which she had originally entered the play area, minor plaintiff struck a certain wire that had been placed across the access road. Her contact with this wire was such that she was caused to be thrown from her bicycle to the ground and pavement and thereby suffered defined injuries.

Plaintiff subsequently detailed the various theories of defendant's negligence and requested judgment against defendant school district. The parents of minor plaintiff also sought relief from defendant school district for damages resulting from minor plaintiff's injuries.

On February 28, 1972, defendant, Hempfield Area School District, filed preliminary objections in the nature of a demurrer on the dual grounds that

(a) plaintiff failed to state a cause of action upon which relief can be granted; and

(b) defendant is immune from suit even if the facts complained of in plaintiffs' complaint in trespass are completely true and correct.

Defendant's preliminary objections were also in the nature of a motion to strike. This twin motion was founded upon the identical argument proposed for defendant's demurrer.

This legal strategy commenced by defendant school district sidelines the question of negligence of defend-

ant and substitutes the question of permissibility of suit against defendant.

Defendant's preliminary objections raise the following legal issue:

"Is the defendant School District in maintaining a playground adjacent to one of its schools, and/or on school grounds and controlling access to said school grounds, performing a governmental function which renders it immune from suit for injuries incurred by individuals utilizing these grounds?"

The doctrine of governmental immunity is a recognized and followed legal principle in the State of Pennsylvania. The case of Conrad v. Commonwealth, Department of Highways, 441 Pa. 530 (1971), injects continuing life into this established doctrine, thus making it a valid and viable concept which must be applied to resolve issues following within its sphere.

It is also well founded in Pennsylvania case law that a school district is immune from tort liability arising in the performance of a governmental function, Meyerhoffer v. East Hanover Township School District, 280 F. Supp. 81 (1968) and Flinchbaugh v. Cornwall-Lebanon Suburban Joint School Authority, 438 Pa. 407 (1970), and this shield of immunity has consistently been applied where the school district is performing a function which is public in nature and at least statutorily authorized. The performing of any function necessary and incident to the statutorily required function falls within the shadow of governmental immunity. See Meyerhoffer, supra.

In Michael v. Lancaster School District, 11 D. & C. 2d 150 (1957), affirmed per curiam 391 Pa. 209 (1958), the court interpreted article VII, sec. 775, of the Public School Code of March 10, 1949, P. L. 30, as amended October 7, 1955, P. L. 676, as amended, 24 PS §7-775, as strongly indicating legislative intent that the pro-

viding of playgrounds by school districts was to be a governmental and not a proprietary function.

Scrutinization of equitable Pennsylvania case law compels this court to concur with the diagnosis presented in Hansen v. Wilkinsburg School District, 119 Pitts. L. J. 310 (1971), upon completion of its dissection of the doctrine of governmental immunity.

"It is the opinion of this Court en banc that the governmental immunity doctrine is not only hard to apply but is archaic and results in many instances of a denial of justice to injured parties."

We, however, as our sister court, are constrained to apply the law as we interpret it. In so applying the law, we arrive at the conclusion that those averments of facts that may constitute acts of negligence of the school district are not actionable and the school district is shielded from liability because, as our appellate courts have adjudicated, the school district was functioning in its governmental capacity.

We, therefore, enter the following

## ORDER OF COURT

And now, to wit, this October 25, 1972, after due and careful consideration of the arguments and record presented to the court in this matter, it is ordered, adjudged and decreed that the preliminary objections filed by the defendant in the nature of a demurrer and in the nature of a motion to strike are with merit and hereby sustained; and consequently the claims of plaintiff be and the same hereby are dismissed.

It is further ordered that the prothonotary in and for Westmoreland County enter judgment on behalf of defendant school district.