MARIE DI FONZO and Ralph A. DI FONZO, her husband, v. ROBE-LEN PIANO COMPANY, a Delaware Corporation.

(*July* 29, 1958.)

TERRY, P. J., sitting.

*Bruce M. Stargatt* for plaintiff, Ralph A. Di Fonzo.

*Samuel R. Russell* (of Simon and Russell) for the defendant.

Superior Court for New Castle County.

TERRY, President Judge.

On January 19, 1957, plaintiff, Marie Di Fonzo, was injured as a result of a fall outside of defendant's store at 710 North Market Street in Wilmington. Within one year after she had sustained her injuries Mrs. Di Fonzo and her husband, Ralph A. Di Fonzo, brought this action for damages. Under the original complaint Mrs. Di Fonzo suggests damages for her alleged personal injuries. Mr. Di Fonzo suggests damages representing the amount he became obligated to expend for Mrs. Di Fonzo's hospital, doctors and medical expenses.

On April 30, 1958, Mr. Di Fonzo filed a motion to amend his complaint to include a claim for compensation for loss of his wife's consortium.

The defendant objects to the amendment upon the ground that a new cause of action is asserted thereunder, and, as such, is barred by the Delaware Statute of Limitations.

Subsection (c) of Rule 15 of this Court, *Del. C. Ann.*, is as follows:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

The Delaware Statute of Limitations, Section 8118, Title 10, *Delaware Code*, 1953, is as follows:

"No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 1 year from the date upon which it is claimed that such alleged injuries were sustained."

The questions presented are (1) whether Ralph A. Di Fonzo's claim for loss of consortium under his proposed amendment arose out of the same occurrence as alleged in his original complaint, and, (2), if so, does our Statute of Limitations constitute a bar to recovery?

Professor Moore's commentary on Federal Rule 15(c), 28 *U. S. C. A.* (same as Rule 15(c) of this Court) is as follows:

"Rule 15(c) is based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from the statutes of limitation than one who is informed of the precise legal description of the rights sought to be enforced. If the original pleading gives fair notice of the general fact situation out of which the claim or defense arises, an amendment which merely makes more specific what has already been alleged generally, or which changes the legal theory of the action, will relate back even though the statute of limitations has run in the interim. While it is still the rule that an amendment which states an entirely new claim for relief will not relate back, the Federal Rules have broadened the meaning of the concept of 'cause of action', shifting the emphasis from a theory of law as to the cause of action, to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim." 3 *Moore's Federal Practice* pp. 851-853.

In giving breadth to the cause of action concept embodied in Rule 15(c) Delaware has followed the procedure approved by the learned commentator. In the case of *Ierardi v. Farmers' Trust Co.*, 4 *W. W. Harr.* 246, 151 *A.* 822, 825, the Court stated "the wrongful act of the negligent person is single and indivisible and can give rise to but one liability." That language, said Judge Carey of this Court, in the case of *Levitt v. Simco Sales Service of Penn.*, 11 *Terry* 557, 135 *A.* 2d 910, "bespeaks agreement with the majority [rule], rather than the minority rule, in that it places the emphasis upon the tortious act rather than upon the type of injuries resulting therefrom."

The cause of action in the present case is single and indivisible. The amendment suggested for loss of consortium arises out of the same occurrence, the identical tortious act, as gave rise to the plaintiff's claim for hospital, doctors and medical expenses. The recovery suggested under the amendment connotes merely a new element of damages.

The plaintiff's motion to amend his complaint to include loss of consortium is granted. The amendment relates back under Rule 15(c) of this Court to the date upon which the plaintiff filed his original complaint. The Statute of Limitations has no application.

An order will be signed upon motion.