James SCALISE, Administrator of the Estate of James Eugene Scalise, Deceased, and Marjorie Scalise, Plaintiffs,

v.

BEECH AIRCRAFT CORPORATION and Atlantic Aviation Corporation, Defendants.

Civ. A. No. 3393.

United States District Court
D. Delaware.
May 7, 1969.

Eduard F. vonWettberg, III, and Henry N. Herndon, Jr., Wilmington, Del., for plaintiffs.

William Prickett, Wilmington, Del., for defendants.

## OPINION

STEEL, District Judge.

On August 21, 1967, Marjorie Scalise, wife of decedent, and James Scalise, the administrator of the estate of decedent, filed an action against the defendants Beech Aircraft Corporation and Atlantic Aviation Corporation, for damages based upon the death of the decedent in New Jersey on August 21, 1965. The death occurred while decedent was on a training flight in an aircraft manufactured by Beech while under the control of an agent of Atlantic. Jurisdiction is alleged to exist by virtue of diversity of citizenship and the fact that the amount in controversy, exclusive of interest and costs, exceeds $10,000.

The complaint alleges liability on the part of Beech because of breach of warranty, defect in construction or design of the aircraft, and failure to issue adequate instruction for the use of the aircraft; and on the part of Atlantic because of its negligence in maintaining, controlling and operating the aircraft. Plaintiffs demand judgment against each defendant of $250,000.

On February 7, 1969, plaintiffs filed a motion for leave to amend their complaint so as to charge each of the defendants with willful and wanton misconduct in their origial acts of wrongdoing, and to increase their demand for judg-

ment to include $500,000 for punitive damages against each defendant in addition to the compensatory damages initially prayed for.

Defendants object to the allowance of the amendment. They argue that (1) under the law of Delaware, as purportedly evidenced by Gallegher v. Davis, 183 A. 620 (Super.Ct.Del.1936), and Law v. Gallegher, 9 W.W. Harr. 189, 197 A. 479 (Supreme Ct.Del.1938), willful or wanton misconduct constitutes an entirely different species of conduct from that which constitutes mere negligence,[1] (2) the proposed amendment thus constitutes an entirely new claim for relief, (3) a new claim for relief is barred by the Delaware two-year statute of limitations, 10 Del.C. § 8118,[2] (4) a Delaware court would not allow an amendment to the complaint to assert this purported new claim, and (5) a federal court sitting in Delaware in a diversity action must, under Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), reh. denied, 338 U.S. 839, 70 S.Ct. 33, 94 L. Ed. 513 (1949), follow state law by characterizing the proposed amendment as an entirely new claim and denying the amendment.

The authority of this Court to permit the proposed amendment is governed by Rule 15, Fed.R.Civ.P. Rule 15(a) provides generally that leave to amend pleadings shall be freely given when justice so requires. Rule 15(c) relates more specifically to the instant problem. It provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Defendants argue that because of Ragan the law of Delaware must be looked to in order to determine whether the willful and wanton misconduct alleged constitutes an entirely new claim for relief, and that if it does, the amendment cannot relate back to the date of the original complaint. This argument will not stand analysis.

It is true that the standards announced in Ragan seemed to assert the supremacy of local law over Federal Rules in diversity cases whenever local law would have barred the action had it been brought in a state court. But Ragan was implicitly overruled in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). The two decisions cannot be reconciled on any reasonable basis. Under the standards announced in Hanna, state law is irrelevant when the matter is controlled by a valid Federal Rule. Justice Harlan in a concurring opinion in Hanna stated not only that Ragan was "wrong", 380 U.S. at 477, 85 S.Ct. 1136, but also that Ragan "if still good law" would call for a result which would have held Massachusetts law, rather than the relevant Federal Rule, applicable. This statement is a recognition that, as a result of Hanna, Ragan is no longer controlling. In Newman v. Freeman, 262 F.Supp. 106 (E.D.Pa.

---

1. The disposition of the case at bar makes it unnecessary to go into the merits of this contention. It should be noted, however, that Gallegher v. Davis, supra, has been overruled to the extent that it suggests that an implied or constructive intent is a necessary element of wantonness. Wagner v. Shanks, 194 A.2d 701, 706 (Supreme Ct.Del.1963).

2. 10 Del.C. § 8120 contains a special rule pertaining to causes of action arising outside of Delaware in favor of non-resi-

dents. Plaintiffs in the present action are non-residents of Delaware. Under § 8120, a Delaware court applies either the time limit specified in the statute of limitations of Delaware or that of the state where the cause of action arose, whichever is shorter. Thus, regardless of the duration of the New Jersey statute of limitations, the proposed amendment, if defendants are correct in their contention that it does not relate back to the date of the complaint, would be barred.

1966), Judge Davis said (262 F.Supp. at 111):

> "We believe that *Ragan* and *Hanna* are irreconcilable with the latter overruling the former *sub-silentio*."

With respect to whether local law or Rule 15(c), Fed.R.Civ.P., applies in a diversity action, one commentator has stated that *Hanna* "would seem to settle this question" in favor of the application of the Federal Rule. 1A Barron & Holtzoff, *supra*, § 448.1 n. 43.8a (1968 Pocket Part).

 Thus, a federal court in a diversity action is bound to apply the relation-back provision of Rule 15(c), Fed. R.Civ.P., rather than state law, unless the Federal Rule is invalid.[3] Defendants have not challenged the validity of Rule 15(c), and no basis for challenge is apparent.

Even prior to *Hanna*, the majority of federal lower court decisions, despite the existence of *Ragan*, held that leave to file an amended pleading in a diversity action is solely a matter of federal procedure governed by Rule 15, Fed.R.Civ. P. They held that no state statute of limitations would bar the amendment if under Rule 15(c) the amendment would properly relate back to the filing of the original pleading. *See* Cavanagh v. Trans World Airlines, Inc., 183 F. Supp. 370 (W.D.Pa.1960); Taylor v. Reading Co., Inc., 23 F.R.D. 186 (E.D. Pa.1958). *See also* Wright, Federal Courts 240–41 (1963); 1A Barron & Holtzoff, Federal Practice & Procedure § 448.1 (Wright rev. 1960). The District of Delaware has followed this majority line of decisions. Martz v. Miller Bros. Co., 244 F.Supp. 246, 250 (D.Del. 1965).

There is no conceivable reason why Rule 15, Fed.R.Civ.P., should be construed to make state law a controlling element in determining whether a complaint in a diversity action should be allowed to be amended or should relate back. By its Rules Enabling Act, 28 U. S.C. § 2072, Congress made clear that rules which were promulgated under the Act should govern matters of procedure and not substance; and Rule 1, Fed.R. Civ.P., makes it equally clear that the Federal Rules govern procedure in all suits of a civil nature in the Federal Courts with exceptions stated in Rule 81 which are, for present purposes, irrelevant.

One of the premises of defendants' argument is that under Delaware law the amendment would not relate back to the beginning of the action and hence would be barred by the statute of limitations. The case of Di Fonzo v. Robelen Piano Co., 1 Storey 239, 144 A.2d 247 (Super. Ct.Del. 1958), casts doubt on this premise. In the original complaint Mrs. Di Fonzo sought damages for personal injuries, and her husband, a co-plaintiff, sought to recover medical expenses for his wife's injuries. After the statute of limitations had run, Mr. Di Fonzo sought to amend the complaint so as to include a claim for damages for loss of consortium. Defendant claimed that the amendment did not relate back, was not timely, and was barred by the statute of limitations. Judge Terry stated the questions presented (144 A.2d at 248):

> "The questions presented are (1) whether Ralph A. Di Fonzo's claim for loss of consortium under his proposed amendment arose out of the same occurrence as alleged in his original complaint, and, (2), if so, does our Statute of Limitations constitute a bar to recovery?"

In permitting the amendment he said (*id.*):

> "The amendment suggested for loss of consortium arises out of the same occurrence, the identical tortious act, as gave rise to the plaintiff's claim

---

**3.** Under *Hanna*, a Federal Rule is invalid only if it transgresses the Rules Enabling Act, 28 U.S.C. § 2072, or constitutional restrictions, 380 U.S. at 463–464, 471, 85 S.Ct. 1136.

**152**

for hospital, doctors and medical expenses. The recovery suggested under the amendment connotes merely a new element of damages."

 Thus, the test for the relation back of the amendment was whether the amendment arose out of the same occurrence alleged in the original pleading. *Di Fonzo*, read as a whole, indicates that this, rather than technical concepts of identity of "cause of action" or "claim for relief", is the Delaware test of relation back of amendments.

Furthermore, it can be forceably argued that just as Mr. Di Fonzo's claim for loss of consortium connoted merely a new element of damages arising out of the same occurrence as was alleged in the original complaint, so in the instant case by a parity of reasoning the alleged willfulness and wantonness of the actions of defendants can be viewed as merely a new element of damages having its source in the same occurrences as were the subject of the original complaint.

*Di Fonzo* takes on an added significance in that it based the allowance of the amendment on Delaware Superior Court Rule 15, which is for present purposes identical with its federal counterpart.

 But however broadly or narrowly *Di Fonzo* is construed, the fact remains that the governing Federal Rule does not make the allowance or relation back of an amendment turn upon whether the amendment may under state law assert a "new claim for relief". The criterion under Rule 15(c), Fed.R.Civ.P, is whether the claim or defense asserted in the amendment arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original complaint. Rule 15(a) declares that leave to amend pleadings shall be freely given when justice so requires. Under these tests, leave to amend the complaint in the present action should be granted.