See also, D.C., 343 F.Supp. 1131.

Nina E. **WILLIAMS**

v.

**THOMAS JEFFERSON UNIVERSITY**

and

**David M. Goodner, M.D.**

**Civ. No. 70–2902.**

United States District Court,
E. D. Pennsylvania.

March 20, 1973.

---

Jerome H. Ellis, Philadelphia, Pa., for plaintiff.

A. Grant Sprecher, Philadelphia, Pa., for Thomas Jefferson University.

Barton L. Post, Philadelphia, Pa., for David M. Goodner, M.D.

## MEMORANDUM

DITTER, District Judge.

This is a malpractice case, coming up for the third time on pre-trial motions. Plaintiff contends she was the victim of an improperly performed abortion and brought suit to recover damages naming the hospital and the surgeon as defendants.

By appropriate motion, plaintiff seeks to amend her complaint:

1. To allege liability on the part of the hospital by reason of the negligence of employees other than the surgeon, and

2. To withdraw her complaint against the surgeon, David M. Goodner, M.D.

Defendant, Thomas Jefferson University Hospital, resists both amendments. As to the first, it maintains that the plaintiff is seeking to allege a new cause of action after the statute of limitations has run. However, Federal Rule of Civil Procedure No. 15 provides that whenever a claim asserted in an amended pleading arises out of an occurrence set forth in the original pleading, the amendment relates back to the time of the original pleading. Therefore, this amendment should be allowed as explained in Loudenslager v. Teeple, 466 F.2d 249 (3rd Cir. 1972); Newman v. Freeman, 262 F.Supp. 106 (E.D.Pa. 1966); and Taylor v. Reading Company, Inc., 23 F.R.D. 186 (E.D.Pa.1958). See also Williams v. United States, 405 F.2d 234 (5th Cir. 1968).

Plaintiff's request to drop Dr. Goodner as a defendant is motivated by purely strategic considerations—she wants to put the hospital on the horns of a dilemma. Plaintiff originally alleged that Dr. Goodner was an employee, acting within the scope of his employment, as the sole basis for seeking to impose liability on the hospital. The amended complaint will allege the hospital's failure to train, supervise, keep proper records, etc., and thus allow plaintiff to offer proof concerning negligence by employees other than Dr. Goodner. Plaintiff does not say Dr. Goodner was free of blame—she merely would prefer to saddle the hospital with the task of establishing his alleged fault. If Dr. Goodner is dropped as a defendant, the hospital might find itself in the position of asserting Dr. Goodner was negligent as a means of showing its other employees were not negligent or, in the alternative, making no claim as to Dr. Goodner's conduct and thus by implication admit that its other employees were at fault.

Since plaintiff originally named Dr. Goodner as a defendant, I can see no reason to impose such an unhappy choice upon the hospital or to impose upon the jury the confusion which may arise from being required to sort out who is trying to prove what about whom. Therefore, plaintiff's motion to withdraw her claim against Dr. Goodner will be denied.