**Dolores A. WAGNER and Luther C. Wagner, her husband, Plaintiffs,**

**v.**

**Livio OLMEDO and Wilmington Medical Center, Inc., a Delaware corporation, Defendants.**

Superior Court of Delaware, New Castle.

July 31, 1974.

William H. Bennethum, Wilmington, for plaintiffs.

William J. Alsentzer, Jr., of Bayard, Brill & Handelman, Wilmington, for defendant Livio Olmedo.

Jane R. Roth, of Richards, Layton & Finger, Wilmington, for defendant Wilmington Medical Center, Inc.

TAYLOR, Judge.

Plaintiffs brought this action in December 1972 to recover for injury to the eye of Dolores Wagner [plaintiff] which occurred during the healing period following an operation performed by defendant Livio Olmedo [Dr. Olmedo] to correct a facial neuralgia known as tic douloureux. As originally cast, the complaint alleged that the eye was improperly bandaged so that it rubbed against the bandage, and alleged breach of certain implied warranties concerning the manner of performing the operation. Plaintiff now seeks to amend the complaint to add as a ground for recovery that Dr. Olmedo negligently failed to advise plaintiffs of possible ill effect which might result to her eye following the operation, and that because of the failure of Dr. Olmedo to inform plaintiffs of this risk, defendants did not obtain an informed consent from plaintiffs for the operation.

## STATUTE OF LIMITATIONS —RELATION BACK

Defendants oppose the amendment on the ground that plaintiff now seeks to assert a cause of action which is barred by the statute of limitations.[1] Defendants contend that the original complaint dealt with the manner of treatment of plaintiff's eye subsequent to the operation, while the amendment dealing with lack of informed consent relates to the relationship between plaintiffs and defendants prior to the operation. From this, defendants contend that the proposed amendment should not be permitted to relate back to the date of filing of the original complaint, and that if it does not relate back, it is barred by the statute of limitations.

This matter must be decided by applying the standards set forth in Rule 15(c) of the Civil Rules of this Court which provides "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading". The test, therefore, is whether the claim involving the failure of defendants to inform plaintiffs of the inherent risk of the operation arose out of the same conduct, transaction or occurrence as the operation and post-operative treatment. Defendants rely on certain quoted language from DiFonzo v. Robelen Piano Co., Del. Super., 1 Storey 239, 144 A.2d 247 (1958) in which this Court held that the emphasis under Rule 15(c) is upon the specific conduct of the defendant upon which plaintiff relies, or the "tortious act", rather than upon the type of injuries resulting therefrom.

To accept defendants' position is to hold that the conversations or negotiations which led up to the operation were a different occurrence or transaction from the operation and the treatment during the healing period.

In Applied Data Processing, Inc. v. Burroughs Company, D.Conn., 58 F.R.D. 149 (1973), an amendment was permitted adding a charge that a contract was induced

---

1. The parties have proceeded to argue the merits of the proposed amendment at this stage rather than to await a test of the merits of the amendment by motion to dismiss after granting of the motion to amend.

by misrepresentations concerning the performance of equipment being purchased under the contract where the original complaint sought to recover for breach of express warranty concerning the equipment. The Court concluded that misrepresentations which led to the contract were a part of the same transaction as the performance of the contract itself.

In Williams v. Thomas Jefferson University, E.D.Pa., 58 F.R.D. 536 (1973), an amendment was permitted which alleged that the defendant hospital failed to train, supervise its personnel and keep proper records, and sought to charge the defendant hospital with negligence of its employees to be added to the original complaint which sought to hold the hospital liable for negligence of a surgeon.

In Zagurski v. American Tobacco Company, D.Conn., 44 F.R.D. 440 (1967), an amendment charging that defendant negligently failed to warn plaintiff of the inherent danger of smoking its cigarettes was permitted to be added to an original complaint which sought recovery on the basis of negligent manufacture and implied warranty of fitness. The reasoning of the Court was that defendant was on notice from the filing of the original complaint that plaintiff sought to recover for damages sustained from smoking the cigarettes which defendant manufactured and marketed.

Here, defendants have been on notice that plaintiff seeks recovery for the injuries suffered as a result of the operation performed by Dr. Olmedo and the post-operative treatment. It appears the damages are the same under both the original complaint and the proposed amendment. The Court concludes that defendants were on notice that the transaction between plaintiffs and defendants which culminated in plaintiff's injury was in issue before the Court. See Wright & Miller, Federal Practice and Procedure: Civil, § 1497, page 504.

Defendants have pointed to no intervening equities or hardships which should lead to a denial of the motion to amend the complaint. Accordingly, the Court concludes that plaintiffs are entitled to have the proposed amendment relate back, for purposes of statute of limitations, to the filing of the original complaint.

## RES IPSA LOQUITUR

Plaintiffs also seek to amend the complaint to assert the defense of the doctrine of res ipsa loquitur. Here again, the parties have proceeded with the merits of the amendment. Accordingly, the Court will apply the same test that would be applied upon a motion to dismiss.

The proposed amendment to the complaint merely states "res ipsa loquitur as to both defendants". Defendants do not challenge the form of the allegation, but contend that the doctrine of res ipsa loquitur "has no place in a case of this nature". Since the allegation is being tested according to the principle applicable to a motion to dismiss, the parties have not addressed themselves to the evidentiary matter to the extent that would be appropriate in the case of a summary judgment involving that issue.

In DiFilippo v. Preston, Del., 3 Storey 539, 173 A.2d 333 (1961), the Delaware Supreme Court stated:

> "The doctrine of res ipsa loquitur, however, is not applicable in malpractice actions in which the only proof is the fact that the treatment of the patient terminated with poor results. 41 Am. Jur., Physicians and Surgeons, § 127; Christian v. Wilmington General Hospital, [11 Terry 550, 135 A.2d 727] supra. A sine qua non to the application of the doctrine is that the resulting injury must be of a kind which ordinarily does not occur in the absence of negligence."

In *DiFilippo,* the Court found that injuries of the type suffered by that plaintiff occur

about 2% of the time, "irrespective of how careful the surgeon is and irrespective of which surgical technique he adopts". In view of that fact record, the Court held that res ipsa loquitur has no application. The Court further observed with respect to decisions in other states where res ipsa loquitur was applied that "[t]hey uniformly are cases in which the resulting injury to the patient was so inconsistent with the normal and usual result, that an inference of negligence was forcibly required". The conclusion from *DiFilippo* is that in medical malpractice cases it is rare for the facts to permit the application of res ipsa loquitur. On the other hand, the Court cannot accept the bald proposition that under no state of facts can res ipsa loquitur apply to a case involving medical treatment. 61 Am.Jur.2d 322, Physicians, Surgeons § 191. All of the cases relied upon by defendants had progressed beyond the mere testing of the sufficiency of the pleading. Therefore, in order to determine whether the doctrine is applicable, it is necessary to examine the facts of the particular case before accepting or rejecting res ipsa loquitur. The test should not be applied at this stage.

Accordingly, plaintiffs' motion to amend the complaint is granted.

It is so ordered.