**James SETH and Mary Seth, his wife, Plaintiffs,**

**v.**

**Johannes M. SPRUENKEN, and A. Spruenken, his wife, Defendants.**

Superior Court of Delaware, New Castle.

Nov. 6, 1974.

---

Louis B. Ferrara, Wilmington (of Aerenson & Balick), Wilmington, for plaintiffs.

Daniel F. Wolcott, Jr., Wilmington (of Potter, Anderson & Corroon), Wilmington, for defendants.

STIFTEL, President Judge.

Motion to amend tenants' negligence complaint to include action by administrators for wrongful death of unborn infant which was stillborn. The suit arises out of a fall by Mary Seth on a landlord's fire escape adjacent to her apartment, on September 16, 1971. Defendants are the owners of the premises and ask the amendment be barred by reason of the two-year statute of limitations.[1] The amendment admittedly was filed after the statute had run.

The original complaint,[2] filed on September 11, 1973, alleges, *inter alia,* that:

(a) Mrs. Seth's accident resulted from the defendants' negligence in renting the premises to the plaintiffs when they knew or should have known the fire escape steps were in an unsafe condition.

(b) Mrs. Seth was hospitalized briefly and experienced great pain and suffering as a result of injuries sustained in the accident.

(c) The Seths have incurred substantial medical expense and continue to do so.

(d) Mrs. Seth was pregnant at the time of the accident and the injuries sustained thereby resulting in a termination of her pregnancy.

(e) A stillborn child was delivered on the day after the accident and said child would have been the first daughter of the plaintiffs.

1. 10 Del.C. § 8106A reads as follows:

"Actions subject to two-year limitation.

"No action to recover damages for wrongful death or for injury to personal property shall be brought after the expiration of 2 years from the accruing of the cause of such action."

2. The Seths seek compensatory and punitive damages, as well as damages for loss of consortium by Mr. Seth.

Plaintiffs argue that the amendment relates back to the date of the original complaint by reason of Superior Court Rule 15(c). Defendants argue that the proposed amendment should not relate back. They also claim that even if the amendment relates back to the date of the complaint filing, it should not be allowed because no claim for death of an unborn infant should exist in Delaware.

■ I hold that the amendment does not relate back to the filing of the original complaint. The claim is thereby barred by the statute of limitations.

Relation back of amendments is governed by Rule 15(c) of the Superior Court Rules,[3] which provides, in pertinent part:

"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. . . .".

Under this rule, the former emphasis placed on the kind of "cause of action" as the basis for denying an amendment to pleadings is gone. Di Fonzo v. Robelen Piano Company, 1 Storey 239, 144 A.2d 247 (Del.Super.1958); 3 Moore's Federal Practice, ¶15.15 [3], (1974).

The broad language of 15(c) is not without limitation. Artman v. International Harvester Company, 355 F.Supp. 476 (W.D.Pa.1972). To quote Professors Wright and Miller:

". . . The standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test; although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading. Only if the original pleading has performed that function, . . . will the amendment be allowed to relate back to prevent the running of the limitations period in the interim from barring the claim or defense." Wright and Miller, Federal Practice and Procedure, Vol. 6 § 1497 (1971).

■ The test is not contemporaneity but rather adequacy of notice. Rosenberg v. Martin, 2 Cir., 478 F.2d 520, 526.

The contention that the relation back doctrine should apply here is not persuasive. Plaintiffs' complaint asserts that a child was delivered stillborn as a result of the accident and that the child would have been the Seths' first daughter. This allegation is a part of Mrs. Seth's damages. There is no indication that a claim for wrongful death was to be filed. In Delaware, the personal representatives, not the next of kin, are the proper parties to assert a claim for wrongful death. 10 Del.C. § 3704(b). Nothing in the record infers an action is impending by anyone except plaintiffs named.[4]

---

3. Superior Court Rule 15(c) is identical to 15(c) of the Federal Rules of Civil Procedure, and, therefore, federal case law is pertinent in interpreting such rule. Tiffany v. O'Toole Realty Co., 2 Storey 83, 153 A.2d 195 (Del. Super.1959).

4. Di Fonzo v. Robelen Piano Co., 1 Storey 239, 144 A.2d 247, on which plaintiffs rely, is different. Ralph Di Fonzo was allowed to amend the complaint to include a claim for loss of his wife's consortium. He had already filed a timely complaint seeking damages in his own name for medical expenses paid by him in the treatment of his wife's injuries. His new derivative claim was merely an extension of damages he had already requested in his own name.

In this case, the wrongful death claim is filed by plaintiffs as administrators of the estate of Baby Seth. It is not an extension of damages which were originally claimed by the Seths in their individual capacities. It is a separate and distinct claim. See Williams v. United States, 5 Cir., 405 F.2d 234, 238. And it is filed by separate juridical persons, insofar as the original parties have adopted a second capacity in order to assert it.

Motion denied. It is so ordered.

My decision herein makes it unnecessary to decide whether or not an action for an unborn infant should continue to exist in Delaware.[5]

The Di Fonzo Court did not decide whether or not defendants were given fair notice of the claim in their original complaint.

5. In Worgan v. Greggo & Ferrara, Inc., 11 Terry 258, 128 A.2d 557 (Del.Super.1957), this Court allowed action by administrator of a viable infant killed by negligence.