**PENN GALVANIZING COMPANY**

v.

**LUKENS STEEL COMPANY.**

**Civ. A. No. 71–820.**

United States District Court,
E. D. Pennsylvania.

Nov. 15, 1974.

See also, D.C., 59 F.R.D. 74, 3 Cir., 468 F.2d 1021.

H. Laddie Montague, Jr., Philadelphia, Pa., for plaintiff.

Edward W. Mullinix, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

On April 6, 1971, plaintiff filed a complaint charging defendant, Lukens Steel Company, with violations of Section 1 and Section 2 of the Sherman Act. The scheme which plaintiff alleged consisted in part of defendant's tying the "static" method of ultrasonic testing of high yield steel plates to the sale of those plates. Plaintiff was a competitor of defendant for the testing of steel plates. Allegedly as a result of defendant's action, plaintiff was driven out of the blast-cleaning, painting and ultrasonic testing business.

Plaintiff now comes before this Court with a motion to amend its complaint. Plaintiff's proposed amendment would charge defendant with predatory pricing in having sold its blast-cleaning, painting and ultrasonic testing services below their fair market value and below cost. Defendant has vigorously opposed this motion on grounds that plaintiff is guilty of undue delay and possibly even bad faith in proposing this motion at this time, roughly three years after the suit was commenced and only several months before the trial date set for the case. With the parties at such odds, this Court has accordingly given this issue of plaintiff's proposed amendment the most serious consideration.

Under Rule 15(a) of the Federal Rules of Civil Procedure, which provides that ". . . . leave to amend shall be freely given when justice so requires," whether to allow the amendment to a complaint is a matter for a federal district court's discretion. Since the desired end in any litigation is a decision on the merits, rather than decision by procedure, a court in the exercise of its discretion should allow an amendment which states a proper subject of relief if it does not appear that the amendment comes as the result of undue delay or bad faith, or that the amendment would unduly prejudice the opposing party or parties in the case. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Where antitrust litigation is involved, allowance of amendments to complaints is perhaps especially proper for at least two reasons. First, antitrust litigation often involves complex legal issues and voluminous facts, most of which are usually in the possession of the defendant. As a result, it is not unusual that a plaintiff in such case should find it necessary to adjust his position and contentions as the case and its discovery proceed. Second, as Chief Judge Joseph Lord of this District has pointed out, Congress has determined that private litigation serves a useful and valuable role in the antitrust field, and the courts if at all possible should not impair this role of private litigation by placing unnecessarily strict pleading requirements on the parties involved. Bogosian v. Gulf Oil Corporation, 337 F. Supp. 1234 (E.D.Pa.1972).

As noted above, the sole reason for defendant's opposition to plaintiff's proposed amendment is that the amendment comes unnecessarily late in this litigation. Defendant contends that, from the very start of this litigation, plaintiff knew of the price decreases on defendant's part of which plaintiff now complains and offers as the basis for its proposed amendment. Plaintiff, on the other hand, contends that it obtained sufficient basis on which to allege predatory pricing on defendant's part only aft-

er the depositions of several of defendant's employees in July of this year. At the request of defendant, this Court held an evidentiary hearing on this issue of plaintiff's knowledge of defendant's price decreases, and subsequently entertained oral argument and briefs from the parties on the same issue. This Court thus has the benefit of a very well prepared and extensive record on which to make its decision on this motion.

After considering this record, this court feels that it must allow plaintiff's amendment. Our review of the evidence as to plaintiff's prior knowledge of defendant's price decreases leads us to conclude that the evidence is not conclusive that plaintiff in fact had knowledge of these price decreases when plaintiff filed its complaint or until the deposition of the employees of defendant this summer. Moreover, as plaintiff points out, the last of the price decreases about which plaintiff complained in its proposed amendment occurred in 1972, after plaintiff had filed its original complaint. More important, however, regardless of what the evidence showed as to plaintiff's possible prior knowledge of the fact of price decreases by defendant, the evidence does not show that plaintiff had before this summer sufficient knowledge to conclude that these price decreases were of a predatory nature. As plaintiff correctly points out, extensive information other than simply the fact of a price decrease is required before a plaintiff can responsibly allege that such price decrease was part of a program of pricing services below cost with the intention of depriving a competitor of business or driving him out of business altogether. This information is particularly of a type which would likely surface only during discovery, and we find no evidence on the record sufficient to support a conclusion on our part that plaintiff had such additionally required information either at the time it filed its original complaint or until the discovery proceedings in this case.

We feel that this insufficiency of the record to support a conclusion that plaintiff was guilty in this case of undue delay or bad faith would alone possibly support our allowing plaintiff's amendment, but in this case there are other factors which we feel also dictate in favor of allowing plaintiff's amendment. The amendment which plaintiff proposes is clearly related in substance to the thrust of plaintiff's original complaint, in which plaintiff charged defendant with acting under a scheme to deprive plaintiff of business or drive plaintiff out of business entirely. Plaintiff's proposed amendment alleges only another facet of that scheme. Thus, under the original complaint, or under the original complaint plus the proposed amendment, the principle issue of the case remains defendant's intent. Plaintiff's proposed amendment would not, therefore, head this litigation in a direction of which defendant has not had notice all along. Nor would it appear that allowing plaintiff's amendment would necessarily change the time set for the trial of this case. Defendant's counsel has suggested that some additional discovery may be necessary if plaintiff's proposed amendment is allowed but no one has suggested that the trial date presently set could not still be met, even with this additional discovery, with the cooperation of both parties. Defendant has not, in fact, seriously argued prejudice as a reason for its opposition to plaintiff's proposed amendment, but has rested its opposition instead principally on the arguments of undue delay and bad faith. At oral argument, defendant's counsel stated that except for his belief that plaintiff had long had knowledge of the price decreases about which plaintiff now complained, he as defendant's counsel would not have opposed plaintiff's proposed amendment. We feel that in order to deny plaintiff's amendment, and thus preclude a decision on the merits, on the grounds of undue delay and bad faith alone, this court would need the very clearest evidence of abuse by plaintiff, and it is this Court's

judgment that such evidence simply does not exist on the current record.

Accordingly, it is this Court's judgment that plaintiff's motion to amend its complaint must in the best interests of justice be granted.