**Ricardo PINTO**

v.

**William CLARK and City of Philadelphia.**

Civ. A. No. 75–1350.

United States District Court, E. D. Pennsylvania.

Feb. 5, 1976.

Gordon Gelfond, Philadelphia, Pa., for plaintiff.

Thaddeus J. Bartkowski, Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM

BECHTLE, District Judge.

This civil rights action arises out of the arrest of plaintiff by William Clark, a police detective employed by the City of Philadelphia. Plaintiff alleges that, in the course of that arrest, he was "brutally, maliciously and wilfully" assaulted by Clark and sustained serious injuries as a result of the attack. Presently before the Court is the City of Philadelphia's motion to dismiss the complaint.

Plaintiff claims that the Fourth, Eighth and Fourteenth Amendments to the United States Constitution were violated by the alleged assault upon him. Jurisdiction is invoked under 42 U.S.C. § 1983, 28 U.S.C. § 1343(3) and 28 U.S.C. § 1343(4). We note preliminarily that 42 U.S.C. § 1983 is not a jurisdictional statute, but rather one that provides a cause of action to remedy certain improper state action. When a § 1983 claim alleges constitutional violations, as the present complaint does, it is clear that 28 U.S.C. § 1343(3) provides a proper basis for district court jurisdiction.[1] *Lynch v. Household Finance Corp.,* 405 U.S. 538, 543–544 n. 7, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972).

It is now well established that a city or municipality is not a "person" within the meaning of § 1983 and, therefore, may not be held liable under that statute for either damages, *Monroe v. Pape,* 365 U.S. 167, 191, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), or equitable relief, *City of Kenosha v. Bruno,* 412 U.S. 507, 513, 93 S.Ct. 2222, 37 L.Ed.2d 137 (1973). Thus, the present action is not maintainable against the City under § 1983.

No doubt anticipating the City's defense to a § 1983 action, plaintiff also has invoked the pendent jurisdiction of this Court in order to pursue his claim against the City. Pendent jurisdiction, as that term is used here, signifies the exercise by a federal court of its jurisdiction over a state claim which derives from "a common nucleus of operative fact" with the federal claim already properly before the Court. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Unfortunately, plaintiff has failed to state in his complaint what the state claim is over which this Court should exercise pendent jurisdiction. We will not speculate as to what that claim might be, particularly in light of the fact that plaintiff is represented by counsel. The Court must, therefore, decline to exercise pendent jurisdiction. In addition, the Court believes that plaintiff may more properly pursue his claim against the City with jurisdiction based upon the general federal question statute, 28 U.S.C. § 1331. *See Everett v. City of Chester,* 391 F.Supp. 26, 29 (E.D.Pa. 1975). The requisite jurisdictional amount has been alleged and it does not

---

1. It is unnecessary for us to intimate any view as to whether a suit brought under 42 U.S.C. § 1983 is a suit under an "Act of Congress providing for the protection of civil rights, including the right to vote" within the meaning of 28 U.S.C. § 1343(4). The Supreme Court has not yet decided this issue. *Hagans v. Lavine,* 415 U.S. 528, 533–535 n. 5, 94 S.Ct. 1372, 1377, 39 L.Ed.2d 577 (1974). Nor have the courts of appeals spoken with a unanimous voice on the subject. *Compare Blue v. Craig,* 505 F.2d 830, 842 (4th Cir. 1974), *with Randall v. Goldmark,* 495 F.2d 356, 360 (1st Cir.), *cert. denied,* 419 U.S. 879, 95 S.Ct. 144, 42 L.Ed.2d 119 (1974).

appear to a legal certainty that plaintiff will be unable to recover a sum in excess of $10,000. *Zimmermann v. Zimmermann,* 395 F.Supp. 719, 724 (E.D.Pa. 1975).

Accordingly, we will grant defendant City of Philadelphia's motion to dismiss the complaint. The dismissal will be without prejudice to the right of plaintiff to refile an amended complaint which sets forth the proper jurisdictional basis for the action.

An appropriate Order will be entered.