**Charles A. MURRAY, and all others similarly situated**

v.

**Robert MURPHY et al.**

**Civ. A. No. 77–960.**

United States District Court,
E. D. Pennsylvania.

Nov. 9, 1977.

---

Arthur R. Shuman, Jr., Philadelphia, Pa., for plaintiff.

Stephen T. Saltz, Deputy City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

This is a civil action against Philadelphia police officers, certain of their supervisory officials and the City of Philadelphia for alleged constitutional violations. The claims arise under 42 U.S.C. §§ 1983, 1985(2), (3), 1986 and 1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution. Plaintiff Murray also presents pendent state tort law claims. Jurisdiction is asserted under 28 U.S.C. §§ 1331 and 1343. Plaintiff seeks damages, declaratory judgment and injunctive relief. The case is before this Court on a motion to dismiss the claims against the defendants City of Philadelphia, Rizzo and O'Neil for the alleged reasons that this Court lacks jurisdiction over the City and plaintiff's complaint fails to state a cause of action against Rizzo, O'Neil and the City. Additionally, the City argues that this Court is without pendent jurisdiction over it.

I. The City's Section 1331 Jurisdictional Challenge.

The primary questions raised by defendant City's motion to dismiss is whether jurisdiction exists under § 1331, and whether a federal court may imply a cause of action in damages against a municipal corporation for constitutional deprivations, notwithstanding the fact that no such express statutory remedy has been provided by Congress. Inasmuch as this Court finds that there is § 1331 jurisdiction over the defendant City and that plaintiff Murray has in fact stated a claim upon which relief can be granted under § 1331, we express no opinion as to whether § 1343 also authorizes this action.

First, we address the question as to whether this Court has jurisdiction over the defendant City as to the constitutional claims. Section 1331, the general federal question statute, reads in relevant part:

The district courts shall have original jurisdiction of all civil actions wherein the

controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

A civil rights action alleging claims directly under the Constitution, as the action under consideration does, "arises under the Constitution" within the meaning of § 1331. *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 279–283, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Because the requisite amount to support jurisdiction under § 1331 is pleaded and the case "arises under the Constitution" there is § 1331 jurisdiction over the defendant City and the City's motion to dismiss plaintiff's complaint for lack of jurisdiction over the City must be denied. We find without legal support defendant City's argument that the City is immune from suit under § 1331 because it is not a "person" within the meaning of 42 U.S.C. § 1983. While it is well-settled that a municipality is not a "person" within the meaning of § 1983, *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the Supreme Court has never suggested that § 1331 should be governed by the limitations imposed on § 1983 as to the class of proper defendants. We note that the Third Circuit has summarily disposed of § 1331 jurisdictional challenges by parties who arguably fall outside the ambit of § 1983. See, *Rotolo v. Borough of Charleroi,* 532 F.2d 920, 922 (3rd Cir. 1976) (per curiam); *McCullough v. Redev. Auth. of Wilkes-Barre,* 522 F.2d 858, 864 (3rd Cir. 1975); *Skehan v. Bd. of Trustees of Bloomsberg State College,* 501 F.2d 31, 44 (3rd Cir. 1974), vacated and remanded on other grounds, 421 U.S. 983, 95 S.Ct. 1986, 44 L.Ed.2d 474 (1975) on remand, 538 F.2d 53 (3rd Cir. 1976). In *Rotolo, McCullough* and *Skehan,* the Court of Appeals found that there was 1331 jurisdiction over the defendants therein. Indeed, Judge Rosenn in the Court's latest pronouncement on the jurisdiction question stated that the Court's rul-

ing in *Rotolo, Skehan,* and *McCullough* were mandated by "the clear holding of *Bell v. Hood,* 327 U.S. 678, [66 S.Ct. 773, 90 L.Ed. 939] (1946) that federal question jurisdiction, . . . is created by the mere allegation of matters in controversy arising under the Constitution or laws of the United States . . ." *Gagliardi v. Flint,* Civil Action No. 76–1964, 564 F.2d 112, p. 115 n.3 (3rd Cir. Filed August 10, 1977). In *Gagliardi,* the Court denied the defendant City's jurisdictional challenge stating, "Thus, we conclude that the fourteenth amendment claim against the City was sufficiently substantial to vest the district court with federal question jurisdiction under 28 U.S.C. § 1331." *Id.* at 116.

Having determined that jurisdiction over the defendant City exists with regard to plaintiff's constitutional claims under 1331, the question remains as to whether this Court may imply a cause of action in damages against the City for constitutional deprivations directly under the Constitution. Plaintiff maintains that *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) provides the doctrinal basis for his argument that this Court may award damages against the City for constitutional violations. In *Bivens,* the Supreme Court authorized a suit for damages against a federal official for a Fourth Amendment violation under § 1331. The Court acknowledged that "the Fourth Amendment does not in so many words provide for its enforcement by an award for money damages for the consequences of its violation. But 'it is * * * well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such an invasion, federal courts may use any available remedy to make good the wrong done.' *Bell v. Hood,* 327 U.S. at 684, 66 S.Ct. [773] at 777." *Bivens,* 403 U.S. at 396, 91 S.Ct. at 2004, 29 L.Ed.2d at 626. Additionally, the Court found no special factors counselling hesitation in the absence of an "explicit congressional declaration

that persons injured by a federal officer's violation of the Fourth Amendment may not recover money damages from the agents." *Id.,* 403 U.S. at 397, 91 S.Ct. at 2005, 29 L.Ed.2d at 627. For the purposes of defendant City's motion to dismiss, all of plaintiff's constitutional claims arise under the Fourteenth Amendment inasmuch as the other constitutional amendments whose protection plaintiff alleges he was deprived of are made applicable to the states and the municipal corporation herein by way of the Due Process Clause of the Fourteenth Amendment. Notwithstanding the absence of language in the Fourteenth Amendment authorizing a damage remedy for its violation, *Bivens* suggests that this Court may award damages to make good the wrong done. Furthermore, as in *Bivens,* we find no special factors counselling hesitation by this Court. We are aware of no congressional legislation to the effect that individuals may not recover money damages from cities that violate their Fourteenth Amendment rights. Defendant City cites no congressional legislation to this effect in its memorandum of law in support of its motion to dismiss.

▇▇▇ The district courts of this circuit have repeatedly, with a few exceptions, entertained actions in damages against municipal corporations for constitutional deprivations. See, e. g., *Harris v. City of Philadelphia,* Civil No. 75–3662 (E.D.Pa. filed Sept. 7, 1976); *Rice v. City of Philadelphia,* 66 F.R.D. 17 (E.D.Pa.1977) (police misconduct); *Pinto v. Clark,* 407 F.Supp. 1209, 1210 (E.D. Pa.1976) (police misconduct); *Patterson v. City of Chester,* 389 F.Supp. 1093, 1095–96 (E.D.Pa.1975) (dismissal of city employee); *Maybanks v. Ingraham,* 378 F.Supp. 913, 914–16 (E.D.Pa.1974) (dismissal of city employee).[1] But see, *Marinari v. Rizzo,* Civ.No. 77–104 (E.D.Pa. filed July 20, 1977); *Jones v. McElroy,* 429 F.Supp. 848 (E.D.Pa. 1977); *Crosley v. Davis,* 426 F.Supp. 389 (E.D.Pa.1977). This Court agrees with and endorses the holdings in the clear majority

1. See Judge Gibbons' concurring opinion to *Gagliardi v. Flint,* C.A.No. 76–1964, 564 F.2d 112 (filed August 10, 1977) for a more exhaustive treatment of Third Circuit cases recognizing suits for damages against municipalities for constitutional violations.

of cases in this circuit to the effect that municipal corporations are not immune from damage actions for constitutional violations. Accordingly, this Court holds that plaintiff Murray has stated a claim upon which relief can be granted directly under the Constitution against the defendant City.

## II. The City's Pendent Jurisdiction Challenge.

■ Since we deny the motion to dismiss as to the City and the relationship between plaintiff's federal claim and the state claim permits the conclusion that the entire action before the Court constitutes but one constitutional "case", we think it is appropriate to exercise jurisdiction over plaintiff's pendent claims as well. See, *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

## III. Supervisory Officials' Liability for Acts of Their Subordinates.

We turn here to the question whether plaintiff has stated a cause of action against defendants Rizzo and O'Neil. This suit arises out of an incident in which police officer Murphy allegedly inflicted severe injuries upon plaintiff Murray during the course of a questioning. Paragraph 31 of plaintiff's complaint is to the effect that defendants Rizzo and O'Neil knew or should have known of the violent propensities of the police officer. The complaint further reads that they condoned and justified the police officer's conduct by their failure to relieve him of his duties as a law enforcement agent or take any disciplinary measures against Murphy, notwithstanding the occurrence of seven (7) or more prior incidents wherein Murphy employed excessive and abusive physical force in connection with the exercise of his duties as a police officer. (Complaint ¶ 31).

Recently, the Court of Appeals for the Third Circuit has set forth the standard of culpability for supporting an action for the deprivation of constitutional rights. See, *Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077 (3rd Cir. 1976) (Weis, C. J.).

*Hampton* involved the claim by a federal pretrial detainee that he was deprived of his civil rights by the warden and guard defendants in that they failed to protect him from assault and thereafter denied him medical care. In his opinion for the Court, Judge Weis stated that the prisoner failed to prove the intentional conduct or deliberate indifference on behalf of the defendants necessary to sustain a charge of constitutional infringement.

We think that plaintiff's allegations in the instant case meet the standard enunciated by Judge Weis in that Rizzo and O'Neil are said to have had knowledge of prior incidents of Murphy's misconduct and yet made no efforts to remedy the problem. We cannot say to a certainty that the alleged seven incidents of prior misconduct on the part of police officer Murphy do not establish a case of deliberate indifference on behalf of his supervisory officials, Rizzo and O'Neil.

■ This Court has no intention of prejudging the case before us. It may well be that grounds will be developed in discovery and at trial which will exonerate defendants Rizzo and O'Neil from the allegations against them. For the purposes of this motion, however, material allegations of complaint are taken as admitted and the complaint should not be dismissed unless it appears that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Walker Process Equipment, Inc. v. Food Machinery and Chemical Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Accordingly, we find that plaintiff has stated a cause of action against defendants Rizzo and O'Neil upon which relief can be granted if proved and deny said defendants' motion to dismiss.