**Louis MARINARI**

v.

**Richard DUNLEAVY et al.**

Civ. A. No. 77–104.

United States District Court,
E. D. Pennsylvania.

Feb. 28, 1980.

Lawrence D. Finney, Krimsky, Lutherman, Stein & Levy, Philadelphia, Pa., for plaintiff.

Thaddeus J. Bartkowski, Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, Senior District Judge.

This matter is currently before the Court for consideration of Plaintiff's motion to amend complaint. Plaintiff has requested leave to amend his complaint to add a pendent state claim based on Defendants' alleged negligence in failing to render adequate medical treatment to Plaintiff.

Plaintiff, Louis Marinari, filed this civil rights action against Mayor Frank Rizzo, the City of Philadelphia, Police Commissioner Joseph O'Neill, and individual police officers Richard Dunleavy, Donald Iannace and Louis Carmaratta. Plaintiff alleged the following facts. On June 6, 1976, Marinari's parents returned home and discovered that their son (Plaintiff) had slashed his wrists in an apparent suicide attempt. Plaintiff's parents then called the police for assistance. Defendant Dunleavy and several other unidentified police officers responded to the call. Upon the officers' arrival at the Marinari home, Plaintiff's parents sought the advice of the officers concerning their son's drug problem. Defendant Dunleavy suggested that if Louis Marinari were arrested, Plaintiff could then be placed in a mandatory drug rehabilitation program. Accordingly, the Marinari's searched their home and gave to the officers drugs which they found in their son's possession. Marinari was subsequently taken to the police station, arraigned and released.

The following evening, June 7, 1976, it is alleged that the Plaintiff's father found his son, with an empty pill container at his side, a number of pills having been scattered upon the floor. Mr. Marinari, thinking that his son had taken a drug overdose, again called the police for assistance. Defendants Dunleavy, Iannace and Carmaratta responded to the call. Upon the arrival of the police, Plaintiff's father requested that they take his son to have his stomach pumped and to receive other appropriate medical treatment. Plaintiff was allegedly conscious at this time.

Defendant officers took Plaintiff, first to a police station for questioning and then to the Police Administration Building. It was upon their arrival at the Police Administration Building, that the officers opened the door to the police van and discovered Plaintiff in a comatose condition. At that point, Plaintiff was immediately taken to a hospital. The amount of time which elapsed between the June 7, 1976 call to the police and the subsequent arrival of Plaintiff at the hospital was approximately two and one half hours.

Plaintiff brought this action pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Plaintiff alleges in his original complaint that due to Defendants' deliberate indifference to his medical needs, he suffered violations of the rights guaranteed to him under the Eighth and Fourteenth Amendments of the United States Constitution. On July 21, 1977, the motion to dismiss Defendants' City of Philadelphia, Rizzo and O'Neill was granted.

The motion to amend the complaint, currently before this Court, raises two issues for decision. First, whether the Amendment is permitted under Fed.R.Civ.P. 15(a) and 15(c). Second, whether this Amendment is permitted under the doctrine of pendent jurisdiction as set forth by the Supreme Court in *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1965).

After having heard oral argument on this matter and upon careful consideration of the facts, Plaintiff's motion to amend complaint is hereby granted.

█ Rule 15(a), Fed.R.Civ.P. provides that a party may amend his complaint once as a matter of course prior to the service of a responsive pleading. However when, as in this case, the answer has already been served, Plaintiff may only amend his complaint "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice is required." An additional requirement which must be fulfilled in a case such as this is when the statute of limitations pertaining to the proposed claim has run, the amendment must "relate back" to the original pleading. Thus, "wherever the claim . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Rule 15(c), Fed.R.Civ.P.

The discretionary directive of Rule 15(a) has been interpreted by the Supreme Court as requiring the Court to grant an amendment when the following test has been satisfied: "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment—leave should be . . . 'freely given'," *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

█ Defendants in this action have failed to show that any of the factors listed above exist. Defendants do claim that they would be prejudiced by an amendment at this date due to the fact that discovery proceedings have already been concluded. Defendants' argument is that because discovery was taken with a view toward a civil rights claim and not a negligence claim, they would be prejudiced in that they would need to review all past discovery and perhaps take new discovery.

I do not find this claim to be meritorious. Although Defendants may have to review their files, this is not the type of prejudice that will serve to prevent an amendment. This seems to be nothing more than the work normally entailed in preparing any lawsuit for trial. Furthermore, I have decided to grant Plaintiff's motion to reopen discovery. Thus, Defendants will have an opportunity to take any additional discovery on Plaintiff's negligence claim felt to be necessary. This new discovery will undoubtedly entail Defendants' review of its files and prejudice will no longer be a factor, as such a review will inure to the benefit of Defendants.

In addition, none of the other factors cited by the Supreme Court are present in this case. *See Foman v. Davis,* 371 U.S. at 178, 83 S.Ct. at 227. The amendment will not be futile in that Plaintiff's proposed amendment purports to set forth a valid state claim of negligence. Furthermore, Plaintiff's amendment is not a repeated attempt to cure deficiencies in his case. It is merely an additional claim to his already existing claim.

Finally, I find that there has been no undue delay, bad faith or dilatory motive on the part of plaintiff. *See Penn Galvanizing Co. v. Lukens Steel Co.,* 65 F.R.D. 80 (E.D. Pa.1974).

■ Although Plaintiff's amendment was filed more than three years after the cause of action arose in June, 1976, the delay was not caused by any improper motives. Part of the delay appears to have arisen from Plaintiff's discharging his original counsel and substituting his present counsel in July of 1979, after the two year statute of limitations on a negligence action had expired. It appears that this substitution of counsel was not merely a tactic designed to appear to this Court. Rather, the Court views this as having been a necessary change on Plaintiff's behalf. Although this is a factor to be considered, it in no way should be construed as opening a door to allow dilatory or forgetful Plaintiffs to switch attorneys in order to evade the rules which they may have previously ignored. Even though I have considered that the statute of limitations has expired, this is but a factor in my exercise of discretion. *See Federman v. Empire Fire and Marine Ins. Co.,* 597 F.2d 798 (2d Cir. 1979). From all of the above factors, I find that plaintiff has acted in good faith. Thus, Plaintiff has met the test set forth by the Supreme Court under Rule 15(a).

■ The second factor to be considered is that of the relation back of the amendment to the date that the cause of action arose. Defendants claim that Plaintiff will be alleging "new and additional facts" and thus such amendment by plaintiff does not relate back and cannot be appended because the state statute of limitations has expired. I cannot agree. Although it is true that Plaintiff's amendment states a new and different claim, it clearly arose out of the same occurrence set forth in the original complaint. Furthermore, even though Plaintiff may be alleging a different *interpretation* of the facts, or that the facts give rise to a different *claim,* he will still be alleging the same facts which give rise to his original cause of action. This is clearly sufficient to satisfy the doctrine of "relation back." *See Williams v. Thomas Jefferson University,* 58 F.R.D. 536 (E.D.Pa.1973); *Mayerson v. Washington Manufacturing Co.,* 58 F.R.D. 377 (E.D.Pa.1972). Therefore, Fed.R.Civ.P. 15(a) and 15(c) permit Plaintiff to amend his complaint.

■ The second issue to be resolved herein, pertains to the exercise of pendent jurisdiction by this Court and raises questions of the power and the competence of the Court to hear the state claim.

Under the doctrine of *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1965), this Court may exercise pendent jurisdiction if it has both the power and the competence to do so. The *power* arises when the pendent state claim and the federal claim both arise from a "common nucleus of operative fact" and therefore the entire action consists of one case within the meaning of Article III of the Constitution. As the Supreme Court stated in *Gibbs* :

> [I]f considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole. 383 U.S. at 725, 86 S.Ct. at 1138.

The claims here clearly derive from a "common nucleus of operative fact." Both the negligence and the § 1983 claims arise out of the events occurring on the evening of June 7, 1976. The major difference between the claims is the legal standard which is applicable to their resolution and not their factual situations. Therefore, this

Court has the power to append the related state negligence claim to the § 1983 federal claim.

The *competence* of this Court to hear a pendent state claim lies in the exercise of its sound discretion. Pendent jurisdiction is based on notions of judicial economy, convenience, and fairness to litigants. Therefore, if these factors do not exist, this Court should, in its discretion, refuse to hear the pendent state claims. *United Mine Workers v. Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139.

Plaintiff has moved this Court to allow him to append a state negligence claim to his existing § 1983 civil rights claim. This issue has arisen before in this district and has been the subject of conflicting decisions. On the one hand, it has been determined that two claims such as those now before the Court, may not be appended because they entail legal theories that are so "inconsistent and incompatible . . . that they will serve to confuse the jury." *Jones v. McElroy*, 429 F.Supp. 848, 865 (E.D.Pa.1977).

On the other hand, there have also been decisions holding that it is proper to append state negligence claims to § 1983 actions. *See Norton v. McKeon*, 444 F.Supp. 384 (E.D.Pa.1977); *Murray v. Murphy*, 441 F.Supp. 120 (E.D.Pa.1977); *Krier v. Amodio*, 441 F.Supp. 181 (E.D.Pa.1977); *Pitrone v. Mercadante*, 420 F.Supp. 1384 (E.D.Pa. 1976). This latter line of cases does not find jury confusion to be a problem. I agree. Juries are comprised of people of ordinary intelligence and are used by courts to deal with conflicting factual contentions and to apply varying legal standards to them. I do not think it to be beyond the scope of a jury's intelligence and common sense to understand the differing legal standards of a state negligence claim and a § 1983 constitutional claim. It is the duty of the Court to insure, through proper and coherent jury instructions, that the jury understand these standards. In addition, juries have historically shown themselves to be able to resolve such problems. A good example is of federal security cases which present the issues of scienter yet where the court often appends state negligence claims. *See, e. g., Lorenz v. Watson*, 258 F.Supp. 724 (E.D.Pa.1966). Therefore, I agree with the authority in this district which holds that pendent jurisdiction of the two claims herein described will not unduly confuse the jury.

Furthermore, none of the other factors referred to by the Court in *Gibbs* appear in this case. It clearly will be convenient and fair to hear this case in one forum and at this time.

According, I hold that Plaintiff may amend his complaint to append a state negligence claim to his § 1983 claim.

Plaintiff has made several additional motions concurrently with and dependent upon, the success of the pendent state claim motion previously discussed. Those motions are disposed of in accordance with my Order submitted herewith. Briefly, the motion to reopen discovery, the motion to amend the pretrial order and the motion to file requests for admissions are granted. The motion for a bifurcated trial is denied.